UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| KAYLIE D. WILSON and D'ARCY D. JERRELLS,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED PORTFOLIO GROUP, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:21-cv-00092<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes KAYLIE D. WILSON ("Ms. Wilson") and D'ARCY D. JERRELLS ("Ms. Jerrells") (collectively, "Plaintiffs"), by and through the undersigned attorney, complaining as to the conduct of ADVANCED PORTFOLIO GROUP, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Florida and a substantial portion of the events that gave rise to this action occurred within the Northern District of Florida.

### PARTIES

4. Plaintiffs are consumers over 18 years-of-age and residents of Dixie County, Florida, which is within the Northern District of Florida.

5. Defendant is a third-party debt collector and limited liability company organized under the laws of the State of New York. Defendant is registered at 28 Liberty Street, New York, New York 10005. Defendant regularly collects from consumers in the State of Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

7. Joinder of Plaintiffs' claims against Defendant is proper under Fed. R. Civ. P. 20(a)(1) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

### FACTS SUPPORTING CAUSES OF ACTION

8. The instant action stems from Defendant's attempts to collect upon a defaulted personal loan ("subject debt") that Ms. Wilson purportedly owes.

9. Several weeks ago, Defendant began its collection campaign by placing collection calls Ms. Wilson's cellular phone.

10. On at least one occasion, Defendant left a voicemail on Ms. Wilson's cellular phone in which it discussed Ms. Wilson's Social Security information.

11. Concurrently, Defendant also repeatedly contacted Ms. Wilson's mother, Ms. Jerrells, in order to collect upon the subject debt.

12. Upon speaking with Ms. Jerrells, Defendant disclosed to her that Ms. Wilson allegedly owes the subject debt and even divulged Ms. Wilson's entire Social Security number.

13. Defendant also threatened to pursue a lawsuit against Ms. Wilson if Ms. Jerrells failed to make a payment on behalf of her daughter.

14. Defendant's actions worried and confused Ms. Jerrells as she was not responsible for the subject debt.

15. Nonetheless, concerned over Defendant's threats, Ms. Jerrells agreed to make payments to Defendant in order to prevent it from pursuing a lawsuit against her daughter.

16. Ms. Wilson was taken aback upon learning of Defendant's collection efforts directed towards her mother.

17. Moreover, Defendant has also failed to identify itself as a debt collector when communicating with Plaintiffs.

18. Frustrated over Defendant's conduct, Plaintiffs spoke with their attorneys regarding their rights, resulting in expenses.

19. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(PLAINTIFFS AGAINST DEFENDANT)

21. Plaintiffs repeat and reallege paragraphs 1 through 20 as though full set forth herein.

22. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692b**

26. The FDCPA, pursuant to 15 U.S.C. §1692b(2), prohibits "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt [.]"

27. Defendant violated 15 U.S.C. §1692b(2) when it contacted Ms. Jerrells and disclosed to her that Ms. Wilson allegedly owes a debt.

28. Additionally, under §1692b(3), a debt collector is prohibited from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer [and] shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

29. Defendant violated 15 U.S.C. §1692b(3) when it contacted Ms. Wilson's mother on more than one occasion, despite the fact that Ms. Jerrells was not responsible for the subject debt. Defendant employed these tactics in order to exert outward pressure upon Plaintiffs.

   a. **Violations of FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A);

> The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

32. Defendant violated §§ 1692e, e(2)(A), e(5), and e(10) when it employed deceptive means to collect or attempt to collect upon the subject debt. Specifically, it was deceptive for Defendant to threaten to sue Ms. Wilson without the intent to follow through. Defendant's lack of intent to sue Ms. Wilson can be gauged by the fact that it issued its threat to secure payment from Ms. Jerrells, who is not responsible for the subject debt. Defendant's actions only served to worry and confuse Plaintiff.

33. Defendant also violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector in its communications with Plaintiffs. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiffs' rights under the

FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiffs from enforcing their rights.

### b. Violations of FDCPA § 1692f

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated § 1692f when it unfairly threatened to sue Ms. Wilson without the intent to follow through. This false representation was designed to cause undue pressure on Plaintiffs to make a payment.

36. As pled in paragraphs 18 through 20, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiffs, KAYLIE D. WILSON and D'ARCY D. JERRELLS, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs respectively statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
(PLAINTIFFS AGAINST DEFENDANT)

37. Plaintiffs restates and realleges paragraphs 1 through 20 as though fully set forth herein.

38. Plaintiffs are "consumer[s]" as defined by Florida Statutes §559.55(8).

39. Defendant is a "debt collector" as defined by Florida Statutes §559.55(7).

40. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

   **a. Violations of FCCPA § 559.72(8)**

41. A person violates section 559.72(8) of the FCCPA when it uses profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

42. Defendant violated section 559.72(8) of the FCCPA when it harassingly used Ms. Wilson's Social Security information to coerce Plaintiffs during its collection campaign.

WHEREFORE, Plaintiffs, KAYLIE D. WILSON and D'ARCY D. JERRELLS, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Enter judgment in Plaintiffs' favor and against Defendant;

b. Award Plaintiffs their actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiffs statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiffs equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiffs costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

g. Award any other relief this Honorable Court deems equitable and just.

Dated: May 21, 2021                                    Respectfully Submitted,

                                                       /s/ Alejandro E. Figueroa
                                                       Alejandro E. Figueroa, Esq.
                                                       *Counsel for Plaintiff*

Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 ext 120
alejandrof@sulaimanlaw.com

Case 1:21-cv-00092-RH-GRJ   Document 1   Filed 05/21/21   Page 8 of 8